Judge Logan
delivered the opinion of the court.
On the 21st of June, 1787, Arthur Fox and William Wood executed certain articles of co-partnership, which liad theretofore been agreed upon, in which they became jointly interested in two third parts of a certain tract of 20,000 acres of land, in. the name of John Craig;
Fox departed this life, and Lee, as his executor, sold to Lewis Craig, who had purchased from John. Craig his interest in a part of the above tract. And the appellee, Whitfield Craig, havin'® purchased from Wood his interest in the whole tract, exhibited his bill against John and Lewis Craig and the heirs and executor of Fox, to recover Wood’s proportion of the land, or the value thereof, from the representatives of Fox.
The circuit court decreed a conveyance of one third of the land remaining unsold; and the present value of the land for his proportion, sold by the executor of Fox against the heirs and executor, from which they prosecute this ap* peal.
The partnership between Fox and Wood, is incontest* *178 ibly established, and there is not satisfactory evidence at Wood’s having at any time disposed of1 his interest to Fox. Wood had, therefore, a right to sell that interest, and having done so to the appellee, the appellee became vested with his equity, and was entitled to the same redress against John Craig and Fox’s representatives.
£ibb for appellants, Wickliffe for appellee.
The ex’ r. seliingartthe whole interest in a tract Ian’C^om¡r of the firmer-ship,J is an-ermot^for vaius of the land, but for re-teresn m"
But what .should be the nature and extent of that re-ftress, remain as the only subjects of inquiry upon the mer->ts °* the case. So ^ar as the title remains in J. Craig, there can be no doubt that one third of the land itself was pr0perly decreed. But with regard to the relief against rePresciAatives of Fox, the decree is certainly very questionable Under the circumstances of this case, in giv-¡ng the value of the land; inasmuch as the writing from J°hn Craig for the land was given to Fox alone, and there are some circumstances which might readily have induced the executor to believe, that Wood had no remaining interest in that tract: So that the sale of the whole locator’s Parb whereby John Craig had conveyed it to the purchaser, ought, more properly, to entitle the claimant under Wood to his proportion of the purchase money with interest.
We have, however, deemed an examination into this point as not important in the present case, because, assuming that as the data of compensation, and the aggregate will be equal to the amount of the decree: And it need only be remarked, that with regard to other questions relating to the proceedings only, although they have not been strictly regular, we can perceive no substantial reason for reversing the decree upon those grounds. The decree must, therefore, be affirmed with cost and damages.